UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN P. DINOIA,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**TARA J. CUMBO,** *et al.***,**<br><br>    **Defendants.** | Civ. No. 2:12-cv-03175 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff John DiNoia brings this Section 1983 action against nine Defendants, including eight New Jersey state troopers and the New Jersey State Police Department. This matter comes before the Court on Plaintiff's "motion to extend time under F.R.CIV.P. 4(m), contingent upon a declaratory ruling as to service of the original complaint." ECF No. 13. The motion is unopposed. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

On June 4, 2012, Plaintiff filed a Complaint *in forma pauperis* pursuant to 28 U.S.C. §1915. ECF Nos. 1-3. The Complaint alleged that Plaintiff was arrested without probable cause and cited for disorderly conduct, in violation of his constitutional rights. *Id.* On June 7, 2012, Summons were issued as to all Defendants. ECF No. 4. Because Plaintiff filed his Complaint *in forma pauperis*, the U.S. Marshals served Defendants with the Complaint on July 20, 2012. ECF No. 7; *see also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal . . . . The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915").

On August 7, 2012, Plaintiff filed an Amended Complaint, adding one additional Defendant: William Haggerty. ECF No. 8. In a letter to the Court filed on the same day, Plaintiff questioned the effectiveness of the U.S. Mashals' service of his original Complaint. ECF No. 9. Plaintiff requested that the Summons on the Amended Complaint be sent to him directly so that he could serve Defendants with the Amended

1

Complaint himself.  *Id.*  On August 9, 2012, consistent with Plaintiff's request, Summons on the Amended Complaint were mailed to Plaintiff.  ECF No. 10.

On August 17, 2012, Plaintiff sent a letter to the Clerk of the Court, stating:

> I submitted a form of Summons on the original complaint in this matter so that you can sign and seal it, and issue it to me.  You chose not to do so, even though FRCP 4(b) requires that you do [sic], and even though I was specifically asking you to do so.
>
> In a July 27th letter, I again reminded you of FRCP 4(b) and your responsibility to provide me with the signed and sealed Summons.  You again chose not to do so, even though the letter apprised you that the Marshal still hadn't made service in this matter.  The letter also asked you to please explain 'why you initially chose to issue the summons only to the Marshal, and to withhold it from me.'. . .
>
> The foregoing pattern of neglect among you and the Marshal's Service tends to evidence an intent and collaboration among you and the Marshal's Service to deprive me of justice.  For that reason, it seems especially fitting that you respond to these matters with care and prudence.

ECF No. 11.[1]  On September 18, 2012, Plaintiff filed a waiver of service of summons that was signed on behalf of all Defendants, except the New Jersey State Police Department and William Haggerty.  ECF No. 12.

## II.   DISCUSSION

Plaintiff now moves "to extend time under F.R.CIV.P. 4(m), contingent upon a declaratory ruling as to service of the original complaint."  ECF No. 13.  Plaintiff's submission is difficult to follow.  Although the title of Plaintiff's motion suggests that Plaintiff is seeking a declaratory judgment, the content of Plaintiff's motion appears to be a string of demands that the Court and various Court personnel provide Plaintiff with legal advice regarding service of his original complaint.  Specifically, Plaintiff reiterates his concern that "service [of the original Complaint] made by the Marshal appears to have been ineffective."  DiNoia Cert. at 3, ECF No. 13-1.  Plaintiff notes that "the Marshals Service did not reply" to his August 17th letter, and that he "re-requested the Marshal to serve the original complaint."  *Id.* at 4.  And Plaintiff states, "I herewith seek

---

[1] Federal Rule of Civil Procedure 4(b) provides that, in a normal case, the clerk will issue summons to the plaintiff for service on the defendant. However, in cases where the plaintiff proceeds *in forma pauperis* under 28 U.S.C. § 1915, the court must order that service be made by a U.S. Marshal instead.  Fed. R. Civ. P. 4(c)(3).

clarification from the court as to which time period governs the deadline for serving the original complaint, and whether in fact, the filing of an amended complaint obviates service of the original complaint." *Id.* at 3.

To the extent that Plaintiff is demanding that the U.S. Marhsals re-serve his original Complaint on Defendants, he is not entitled to that relief for two reasons.  First, the U.S. Marshals already served Defendants with Plaintiff's original Complaint on July 20, 2012.  ECF No. 7.  Second, Plaintiff filed an Amended Complaint, so his original Complaint is no longer operative for purposes of the case.  *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit.").  Because his original Complaint is now irrelevant, Plaintiff is not entitled to have the U.S. Marshals re-serve that document on any of the parties.

To the extent that Plaintiff is demanding that the Court provide him with legal advice regarding the timing for service of process, he is not entitled to relief.  It is well-settled that a Court cannot give legal advice to a *pro se* litigant: "Courts owe no duty to help *pro se* litigants make their case.  Instead, a court must remain impartial and treat both sides of a controversy the same.  Were a judge to help one side of a controversy, he would no longer be a judge but would become an adversary to the other side.  Likewise, it is improper for a judge to provide legal advice to one party in a civil controversy." *United States v. Althoff*, 16 F.3d 417, *2 (10th Cir. 1993); *see also Rothman v. United States*, 508 F.2d 648, 653 n. 8 (3d Cir.1975) (it is not proper for a member of the federal judiciary to offer legal advice); *Houston v. Trella*, No. 04-1393, 2006 WL 2772748 (D.N.J. Sept. 25, 2006) ("[I]t is not the role of the federal judiciary to provide legal advice to any of its litigants, including those [litigants] who may be proceeding *pro se*").  Accordingly, the Court is barred from granting Plaintiff the relief that he seeks.[2]

### III.   CONCLUSION

For the reasons stated above, Plaintiff's motion is **DENIED**.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 25, 2012**

---

[2] The Court notes that the instant motion is one of many strongly-worded submissions that Plaintiff has made, inappropriately demanding legal advice from the Court.  *See* ECF Nos. 5, 6, 9, and 11.