**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN P. DINOIA,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **TARA J. CUMBO, *et al.*,** <br><br> **Defendants.** | Civ. No. 2:12-cv-03175 (WJM) <br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff John DiNoia filed this 42 U.S.C. § 1983 ("Section 1983") action against Wantage Municipal Prosecutor William Haggerty ("Defendant"), eight New Jersey State Troopers, and the New Jersey State Police Department. This matter comes before the Court on Defendant Haggerty's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The motion is unopposed. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND

The Amended Complaint alleges that Plaintiff was arrested without probable cause while walking lawfully on a public road in Wantage, New Jersey. Plaintiff asserts that Defendant, the Wantage Municipal Prosecutor, charged him with disorderly conduct in order to retaliate against him. Plaintiff further alleges that Defendant "actually endeavored to convict the plaintiff and to advocate for the State despite his knowledge of plaintiff's innocence." Am. Compl. ¶ 71. Plaintiff sets forth a litany of actions that he argues constitute prosecutorial misconduct. *See* Am. Compl. ¶ 72. The only action described in detail is Defendant's alleged failure to meet a discovery deadline. *See* Am. Compl. ¶¶ 73-81.

Defendant filed this motion to dismiss, which was returnable on December 17, 2012. *See* ECF No. 20. More than two months have elapsed since the return date, and Plaintiff has not filed any opposition to the motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

Defendant moves to dismiss, arguing that he is entitled to prosecutorial immunity. The Court agrees. The Supreme Court has long held that a prosecutor acting in his role as an advocate for the State is entitled to absolute immunity under Section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983"); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) ("[A] state prosecutor ha[s] absolute immunity for the initiation and pursuit of a criminal prosecution"). In this case, Plaintiff's only allegations about Defendant relate to Defendant's role in initiating and pursuing a criminal prosecution against him. Because Defendant took these actions in his role as an advocate for the State, he is entitled to absolute immunity under Section 1983. Accordingly, the motion to dismiss is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Defendant Haggerty's motion to dismiss is **GRANTED**. An appropriate order follows.

/s/ William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 19, 2013**