# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN P. DINOIA,<br><br>   Plaintiff,<br><br> v.<br><br>TARA CUMBO, *et al.*<br><br>   Defendant. | Civ. No. 2:12-3175 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

   Pursuant to Federal Rule of Civil Procedure 72(a), *pro se* Plaintiff John P. DiNoia appeals Magistrate Judge Mark Falk's July 29, 2013 Order (the "July 29, 2013 Order") denying DiNoia's June 10, 2013 motion to compel discovery. In the alternative, DiNoia moves to alter or amend the July 29, 2013 Order pursuant to Federal Rules of Civil Procedure 52(b) and 59(e). Defendants did not enter an opposition, and there was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, DiNoia's appeal is **DENIED**, Judge Falk's July 29, 2013 Order is **AFFIRMED**, and DiNoia's Rule 52(b) and 59(e) motions are **DENIED**.

## I. BACKGROUND

   This is a Section 1983 case against New Jersey State Troopers, New Jersey police officers, and the New Jersey State Police. In it, DiNoia alleges that he was arrested and jailed in violation of his Fourth Amendment rights. The instant appeal does not concern the merits of DiNoia's allegations. Instead, it concerns discovery.

   In April and May of 2013, DiNoia served Defendants with interrogatories and requests for the production of records. On June 10, 2013, one day before the discovery period was set to expire, DiNoia had yet to hear back from Defendants. Accordingly, DiNoia filed a motion to compel responses. In that motion, DiNoia also requested that Judge Falk extend the discovery deadline.

   On March 11, 2013, Judge Falk entered a scheduling order giving Defendants until July 23, 2013 to respond to DiNoia's motion. In accordance with that order, Defendants filed their opposition brief on July 23, 2013. In their opposition brief, Defendants consented to an extension of the discovery period. Defendants represented that they were still in the process of obtaining documents, and they advised that they would not be able

1

to produce certain documents unless the Court entered a discovery confidentiality order. Finally, Defendants argued that if the discovery deadline were pushed back, an order compelling discovery would be unnecessary.

On July 29, 2013, Judge Falk issued an order ruling on DiNoia's motion to compel (the "July 29, 2013 Order"). Judge Falk began by recognizing that he had considered the submissions of the respective parties. After noting that Defendants had represented that discovery responses were forthcoming, Judge Falk ordered that the discovery period be extended until October 4, 2013. Based on the extension, Judge Falk denied the motion to compel discovery on mootness grounds. Unsatisfied with Judge Falk's decision, DiNoia filed the instant appeal on August 26, 2013.

Neither Judge Falk nor this Court stayed discovery during the pendency of this appeal. Even so, on the day discovery was scheduled to end, Defendants had yet to respond to DiNoia's discovery requests. Accordingly, DiNoia again moved to compel discovery and to extend the discovery deadline. On December 4, 2013, Judge Falk granted DiNoia's motion to compel responses to the interrogatories. Judge Falk ordered that interrogatory responses would be due December 13, 2013, and he extended the discovery period until February 3, 2014.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), a district court may reverse a magistrate judge's order if it finds the ruling to be clearly erroneous or contrary to law. The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

Federal Rule of Civil Procedure 52(b) provides that courts may amend their findings or make additional findings, and that courts may amend their judgments accordingly. Federal Rule of Civil Procedure 59(e) provides courts with the authority to alter or amend a judgment.

## III.    DISCUSSION

The Court will affirm the July 29, 2013 Order because Judge Falk did not misinterpret or misapply applicable law. Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A) provide that interrogatory responses and responses to requests for production are due in 30 days unless "otherwise ordered by the court." Based on Defendants' representation that they needed additional time to collect documents, Judge Falk properly extended the relevant discovery deadlines. Given that Judge Falk properly extended the

2

relevant discovery deadlines, Judge Falk properly denied the motion to compel on mootness grounds. *See Camponovo v. Uwaydah*, No. 2-3661, 2004 WL 1849630, at *1 (E.D. Pa. Aug. 17, 2004) (denying motion to compel deposition as moot where court granted extension of the discovery deadline). The Court notes that even if Judge Falk should have compelled responses to DiNoia's interrogatories, any objection to Judge Falk's ruling was mooted by Judge Falk's December 4, 2013 order compelling responses to the same interrogatories. There is no need for this Court to make additional factual findings or alter the July 29, 2013 Order. Assuming that DiNoia's Rule 52(b) and Rule 59(e) motions are properly before this Court, the Court finds that the motions lack merit.

DeNoia makes four arguments for why the July 29, 2013 Order is infirm. Each fails. <u>First</u>, DeNoia argues that Judge Falk should not have considered Defendants' opposition brief because the brief was not timely filed. But the brief was timely filed on on July, 23, 2013, the date set forth in Judge Falk's July 9, 2013 scheduling order. <u>Second</u>, DeNoia argues that Judge Falk improperly construed Defendants' opposition brief as stating that discovery responses were forthcoming. The Court finds that Judge Falk properly construed Defendants' brief. <u>Third</u>, DeNoia contends that Judge Falk extended the discovery deadlines without a good cause showing by Defendants. As explained earlier, the Court disagrees. <u>Fourth</u>, DiNoia maintains that Judge Falk should have granted a larger extension of the discovery deadlines. The Court finds that Judge Falk properly extended the relevant deadlines. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[The] conduct of discovery [is] committed to the sound discretion of the district court.").

Next, in his appeal brief, DiNoia asks the Court to fix a specific date by which Defendants must provide discovery responses. There is no need for this Court to grant this request since Judge Falk ordered that interrogatories were due on December 13, 2013, and that all discovery would be due on February 3, 2014.

Lastly, DiNoia argues that this Court should issue an order to show cause why "defendants should be allowed to routinely disregard procedural deadlines . . . even when the lapses deprive Plaintiff of due process." The Court will decline DiNoia's invitation to issue a show cause order. Contrary to DiNoia's representation, DiNoia's due process rights have not been violated, and the Court is not moved by DiNoia's complaints about Judge Falk allowing Defendants to "disregard procedural deadlines."

## IV.  CONCLUSION

For the foregoing reasons, DiNoia's appeal is **DENIED,** and Judge Falk's July 29, 2013 Order is **AFFIRMED**. DiNoia's Rule 52(b) and 59(e) motions are **DENIED**. An appropriate Order follows.

    /s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 16, 2014**