## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JOHN P. DINOIA,** | Civ. No. 2:12-03175 (WJM) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **TROOPER TARA CUMBO, et al.,** | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

     *Pro se* Plaintiff John DiNoia brings this 42 U.S.C. § 1983 action against Defendants: (1) New Jersey state troopers Tara Cumbo, Louis Jacinto, J.M. Witowski, C.P. Gesualdo, R.J. Dowling; (2) New Jersey police officers Michael Verheeck, J.J. Geraci, J.A. Salokas, and Birmingham; and (3) the New Jersey State Police Department. DiNoia alleges that he was unlawfully arrested, searched, and detained in violation of his Fourth and Fourteenth Amendment rights. He also asserts a malicious prosecution claim against state trooper Jacinto. Defendants move for summary judgment under Federal Rule of Civil Procedure 56. DiNoia did not oppose the motion. There was no oral argument. Fed. R. Civ. P. 78(b). For the below reasons, Defendants' motion is **GRANTED in part and DENIED in part**.

## I. BACKGROUND

### A. Factual Background

     The following facts are drawn from DiNoia's complaint and Defendants' Statement of Undisputed Material Facts and supporting exhibits.[1] The facts are undisputed unless otherwise noted.

---

[1] Plaintiff failed to respond to Defendants' Statement of Material Facts, even though he was required to do so under Local Rules. *See* N.J. L. Civ. R. 56.1(a) ("The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement . . . ."). "However, the Court is mindful of the fact that Plaintiff is a *pro se* litigant, and district court judges often relax procedural rules, including Local Civil Rule 56.1(a), for an unrepresented litigant." *Shuman v. Sabol*, No. CIV.A.

On May 19, 2010, DiNoia was walking along County Road 639 in Wantage Township, New Jersey.  Hearing Tr. (ECF 88-3, Ex. E) at 8-9.  Defendant Witowski instructed Defendants Cumbo and Jacinto to "investigate" DiNoia.  Police Rep. (ECF 88-2, Ex. B) at 2.  According to the troopers, DiNoia appeared to be hitchhiking, which is a violation of New Jersey law.  Hearing Tr. at 10.  According to DiNoia, he was walking lawfully against oncoming traffic, and there was nothing to give rise to a reasonable suspicion that he was hitchhiking or otherwise breaking the law.  Compl. ¶ ¶ 9, 19-20.  Cumbo and Jacinto stopped DiNoia and asked why he was walking in a dark and unsafe location.  Hearing Tr. at 10.  DiNoia told Defendants that he didn't have to talk to them and refused to identify himself, stating, "you can't stop me; you have no reason to stop me."  *Id*. at 10-12, 23.

Cumbo and Jacinto arrested DiNoia and charged him with disorderly conduct for failing to identify himself when ordered to do so by law enforcement.  *See* Police Rep.  The charges against DiNoia were later upgraded to obstruction of a governmental function.  Hearing Tr. at 3.  The troopers detained DiNoia at the police station for approximately one hour and five minutes. Arrest Report (ECF 88-2, Ex C) at 3.  He was then issued a summons, released on his own recognizance, and driven to his home address.  *Id.*; Hearing Tr. at 13-14.

At DiNoia's hearing, the municipal court judge found DiNoia guilty of the obstruction of justice charge.  *Id*. at 35.  DiNoia appealed, and the Superior Court of New Jersey reversed his conviction.  App. Tr. (ECF 88-3, Ex. F) at 19.  The court rejected Defendants' argument that DiNoia had been subjected to a valid investigatory stop, stating that:

> An investigatory stop involves a reasonable suspicion of criminal activity.  He wasn't engaged in any criminal activity.  Nor, as I can determine, was he engaged in any conduct that could be described as constituting a disorderly person's offense.  And, in fact, he wasn't engaged in any conduct that could be considered in violation of Title 39 of the Motor Vehicle Code.

*Id*. at 16.  The court found that Defendants "really arrested [DiNoia] because [he] refused to give the Trooper his name."  *Id*.  The court further found that, "after it was determined by the trooper that this was not a hitchhiker, indeed [DiNoia] was walking against oncoming traffic," the troopers should have let him go, instead of arresting him.  *Id*. at 17.  Finally, the court concluded that the troopers were not engaged in any "lawful

---

09-2490, 2011 WL 4343780, at *6 (D.N.J. Sept. 14, 2011); *see also Jordan v. Allgroup Wheaton,* 218 F. Supp. 2d 643, 646 (D.N.J. 2002) *aff'd,* 95 Fed. App'x 462 (3d Cir. 2004) (*pro se* plaintiff's failure to submit a Rule 56.1 statement leads court instead to draw relevant facts "primarily from Plaintiff's complaint, and the transcript of Plaintiff's deposition testimony, Defendant's Statement of Undisputed Material Facts and supporting exhibits").

government function" that could be obstructed and, therefore, reversed DiNoia's conviction. *Id.* at 18-19.

### B.  The Instant Action

DiNoia filed the instant action in May 2012, alleging state and federal constitutional claims under the Fourth and Fourteenth Amendments arising from his May 2010 arrest.  He also raises a malicious prosecution claim arising from his criminal proceeding.  He seeks declaratory, injunctive, and monetary relief.  Defendants move for summary judgment.[2]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).  A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party.  *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 323.  Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial.  *Id.*  The opposing party must do more than just rest upon mere allegations, general denials, or vague statements. *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).  Rather, to withstand a proper motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party.  *Anderson*, 477 U.S. at 256–57.

## III.   DISCUSSION

### A.  DiNoia's Malicious Prosecution Claim

Defendant Jacinto argues that he is entitled to summary judgment on DiNoia's malicious prosecution claim.  This Court agrees.  To prevail on a § 1983 claim for malicious prosecution, a plaintiff must show that: (1) the defendant initiated a criminal

---

[2] Defendants move for summary judgment on several grounds.  The Court only reaches the relevant portions of Defendants' motion.

proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F. 3d 75, 82 (3d Cir. 2007) (internal quotations omitted).  Here, Defendant Jacinto is entitled to judgment as a matter of law as to DiNoia's malicious prosecution claim because DiNoia did not suffer "deprivation of liberty consistent with the concept of seizure." *Id.*

To show deprivation of liberty, it is not enough that a plaintiff contend that he was arrested.  *See Wiltz v. Middlesex County Office of the Prosecutor*, 249 Fed. App'x 944, 948 (3d Cir. 2007).  Rather, a plaintiff must also allege that he was "incarcerated, required to post bond, maintain contact with Pretrial Services, refrain from traveling, or that [he] endured any other 'post indictment' deprivation of liberty as a result of the legal proceedings." *Id.* (internal citations omitted); *see also DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005).

In this case, DiNoia was arrested at 8:45 p.m., issued a summons, and released on his own recognizance at 9:50 p.m. the same night.  *See* Arrest Report at 3.  As in *Wiltz*, DiNoia did not allege that he was incarcerated, required to post bail, or suffered any deprivation of liberty other than being arrested.  Accordingly, DiNoia has failed to state a claim of malicious prosecution as matter of law.  *See Wiltz*, 249 Fed. App'x at 948; *see also Penberth v. Krajnak*, 347 Fed. App'x 827, 829 (3d Cir. 2009) (finding that plaintiff failed to allege deprivation of liberty where he was arrested and then detained for less than 40 minutes).  Defendants' motion for summary judgment is **GRANTED** as to DiNoia's malicious prosecution claim.

### B.  DiNoia's Claims Arising from the May 2010 Arrest

In support of their summary judgment motion, Defendants submit several grounds for dismissing DiNoia's claims arising from his May 2010 arrest.  Each ground is addressed below in turn.

### 1.  Claims Barred by Statute of Limitations

Defendants argue that Plaintiff's May 21, 2012 complaint raising claims arising from his May 19, 2010 arrest are time barred.  This argument is unavailing.

"In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (internal citations omitted).  Under New Jersey law, a two-year limitations period applies to personal injury actions.  N.J. Stat. Ann. § 2A:14-2; *see also Cito v. Bridgewater Township Police Dep't*, 892 F. 2d 23, 25 (3d Cir. 1989).  A § 1983 claim accrues when the plaintiff knew or should have known of the injury that is the basis

of his claim. *Sameric*, 142 F.3d at 599.  A defendant is entitled to summary judgment on statute of limitations grounds where there is no genuine dispute of material fact as to when the limitations period began to run, and based on that accrual date, the defendant is entitled to judgment as a matter of law. *See Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 304 (3d Cir. 2004); *see also* Fed. R. Civ. P. 56(a).

The Court finds that DiNoia's claims relating to his arrest accrued on the day of his arrest, May 19, 2010.  Defendants argue that DiNoia's claims are time-barred because he failed to file them within two years of that date, *i.e.* on May 19, 2012.  But May 19, 2012 was a Saturday.  Federal Rule of Civil Procedure 6(a), which governs the procedure for calculating all time periods, instructs that: "[w]hen the period is stated in days . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3).  So, the statute of limitations did not expire until Monday, May 21, 2012, the date DiNoia filed his complaint. *See, e.g., Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, No. CIV.A. 11-6239, 2013 WL 2444036, at *8 (D.N.J. June 4, 2013) (complaint not time-barred because last day of limitations period was a Sunday); *Caldwell v. Vineland Police Dep't*, No. CIV. 08-4078, 2009 WL 2243916, at *2 (D.N.J. July 23, 2009) (same).  Therefore, the statute of limitations does not bar DiNoia's claims.

## 2.  Claims Based on Impermissible *Respondeat Superior* Theory

Defendants next argue that DiNoia's claims against Troopers Gesualdo, Dowling, Geraci, Salokas, Birmingham, and Verheeck should be dismissed because they are based solely on an impermissible theory of *respondeat superior*.  The Court agrees.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be proven through "allegations of personal direction or of actual knowledge and acquiescence." *Id.*  Such allegations must be made with appropriate particularity. *Id.*  DiNoia does not adequately allege that any of the above-named troopers had personal involvement in his arrest.

First, DiNoia claims that, once he was already arrested and "secured in the rear seat of [the] troop car," Gesualdo, Dowling, and other unnamed troopers arrived on the scene to "assist" Cumbo and Jacinto.  Compl. ¶ 48-49.  "Some of those troopers spoke briefly with [DiNoia] but refused to let him go free." *Id.*  But DiNoia does not describe how the arriving troopers "assisted" the arresting officers, which officers spoke to him (or what was said), or who "refused to let him go free."  These "bare allegation[s]" are insufficient to "link the action or inaction [of Gesualdo and Dowling] to the alleged

5

constitutional violation." *See Arnold v. New Jersey*, No. CIV. 03-3997, 2007 WL 1381757, at *5 (D.N.J. May 9, 2007); *see also Aruanno v. Main,* 467 Fed. App'x 134, 137–38 (3d Cir. 2012) (dismissal of § 1983 action was appropriate where Defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of each individual Defendant).

Second, DiNoia claims that Defendants Geraci and Salokas "failed to ensure an accurate report." Compl. ¶ 63.  This allegation does not show personal involvement of these Defendants as to the relevant constitutional violation – DiNoia's arrest.  *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (holding that, to establish personal liability in a § 1983 action, the plaintiff must show that the official's conduct caused the deprivation of a federally protected right); *cf. Mincy v. Chmielsewski*, 508 Fed. App'x 99, 104 (3d Cir. 2013) (stating that officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the personal involvement requirement).

Third, DiNoia claims that "initiatives that Defendants took or failed to take, were approved, encouraged or demanded, or otherwise condoned by Defendant Birmingham." Comp. at ¶64.  Again, such overly broad, vague, and conclusory allegations are insufficient as a matter of law to establish personal involvement.  *See Leenstra v. Then*, No. CIV.A. 10-5909, 2013 WL 663313, at *12 (D.N.J. Feb. 21, 2013) (granting summary judgment in favor of defendant because plaintiff failed to allege that supervising officer "knew of and acquiesced to" the supervisees' alleged misconduct).

Finally, the complaint is devoid of any allegations against Trooper Verheeck.  *See generally* Compl. Accordingly, summary judgment is **GRANTED** as to DiNoia's claims against Troopers Gesualdo, Dowling, Geraci, Salokas, Birmingham, and Verheeck.

### 3.  Claims Barred By the Eleventh Amendment

Still remaining as Defendants are the State Police Department and Defendants Witowski, Cumbo, and Jacinto.  Defendants argue that DiNoia's claims against the State Police Department and the individually-named Defendants in their official capacities should be dismissed as barred by the Eleventh Amendment.  The Court agrees.

### a.  Claims against the New Jersey State Police Department

The Eleventh Amendment affords state agencies immunity from suits brought by its citizens in federal court.  *See MCI Telecom. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001).  This immunity applies regardless of whether legal or equitable relief is sought.  *See Thorpe v. New Jersey*, 246 Fed. App'x 86, 87 (3d Cir. 2007).  As a subdivision of the state government, the New Jersey State Police Department is immune from suit.  *See Roe v. New Jersey State Police*, CIV A 05-1243, 2007 WL 2769613, at *8 (D.N.J. Sept. 21, 2007).

### b. Claims Against the Individually-Named Defendants in Their Official Capacity

"State sovereign immunity extends to . . . individual state employees sued in their official capacity." *Smith v. Sec'y of Dep't of Envtl. Prot. of Pennsylvania*, 540 Fed. App'x 80, 82 (3d Cir. 2013); *see also Hammonds v. Dir. Pennsylvania Bureau of Driver Licensing*, 15-1346, 2015 WL 4646648, at *1 (3d Cir. Aug. 6, 2015) (holding that state official "enjoys Eleventh Amendment immunity from suit for money damages for acts taken in her official capacity."). DiNoia's damages claims against Defendants in their official capacities are, therefore, barred by the Eleventh Amendment.

The Eleventh Amendment does, however, permit suits seeking prospective relief against state officials to end "continuing or ongoing violations of federal law." *MCI Telecomm. Corp.*, 271 F.3d at 506 (citing *Ex parte Young,* 209 U.S. 123, 159–60 (1908)). "[A] court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 324 (3d Cir. 2002) (internal citations and quotation marks omitted). To determine whether the relief sought is prospective or merely to remedy past wrongs, the court must look to the substance of the relief requested rather than the form. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996).

In this case, DiNoia asks this Court for: (1) a "judgment declaring the acts and omissions among the defendants to be unlawful and unconstitutional"; (2) "a declaration that the Defendants violated [his] state and federal rights"; and (3) "injunctive relief as the court sees fit in order to remedy Defendants' prior unlawful conduct and to prevent future unlawful conduct by them." Compl. at 27. These requests cannot appropriately be classified as prospective relief to end an ongoing violation of federal law.

First, DiNoia seeks a judgment or declaration from this Court that Defendants' past conduct, *i.e.*, his arrest and detention, violated federal law. This does not relate to an ongoing violation of law. *MCI Telecomm. Corp.*, 271 F.3d at 506. Second, DiNoia requests that the Court prevent "future unlawful conduct" by Defendants, but he has not identified any continuing or ongoing violations of federal law. But vague references to unspecified "future" conduct cannot sustain an action for injunctive relief against state officials. *See, e.g., Wright v. New Jersey/Dep't of Educ.*, CIV.A. 14-08002, 2015 WL 4314268, at *6 (D.N.J. July 14, 2015) (denying request for injunctive relief where Plaintiff failed to identify specific ongoing violations of law). Lastly, relief that effectively seeks an award of damages for a past violation is barred by the Eleventh Amendment, even if the relief is otherwise characterized. *See Papasan v. Allain*, 478 U.S. 265, 278 (1986). Accordingly, Defendants' summary judgment motion as to claims against them in their official capacities is **GRANTED**.

### 4.  Claims Barred Because Defendants Have Qualified Immunity

Finally, Defendants argue that they are entitled to qualified immunity because they did not violate a clearly established federal right.  This Court finds that summary judgment is not warranted on this ground.

Qualified immunity shields individual state officials from liability for damages on account of their performance of discretionary official functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In assessing the reasonableness of an officer's actions, a court must determine "whether reasonable officials in their positions, with the information then available to them, should have known that their actions or omissions violated clearly established law."  *Ryan v. Burlington County,* 860 F.2d 1199, 1204 (3d Cir. 1988).

An officer is entitled to qualified immunity on a claim of false arrest and detention when "a reasonable officer could have believed that probable cause existed to arrest" the plaintiff.  *Hunter v. Bryant,* 502 U.S. 224, 228 (1991).  Probable cause to arrest exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Orsatti v. N.J. State Police,* 71 F.3d 480, 483 (3d Cir. 1995); *see also Ciardiello v. Sexton*, 390 Fed. App'x 193, 199 (3d Cir. 2010).

Defendants argue that it was objectively reasonable for Cumbo and Jacinto to arrest and detain DiNoia because he appeared to be hitchhiking.  *See* Defendants' Br. at 17-18.  But the record belies this claim.  The Superior Court of New Jersey indicated that the troopers' initial "investigatory stop" of DiNoia was invalid.  Both the court and DiNoia pointed out that DiNoia was walking against oncoming traffic, and was not engaged in any criminal activity.  And even if the troopers' initial stop had been valid, the Superior Court stated that, once it was determined that DiNoia was not hitchhiking, there was no reason to arrest him under any statute.  App. Tr. at 15-16.  Ultimately, the court reversed DiNoia's obstruction of justice conviction because the troopers were not engaged in any "lawful government function" that could be obstructed.  *Id*. at 18-19.

Under these circumstances, a genuine issue of material fact exists as to "whether reasonable officials in their positions, with the information then available to them, should have known that their actions or omissions violated clearly established law."  *Ryan,* 860 F.2d at 1204; *see also Anderson v. Creighton,* 483 U.S. 635, 641 (1987) ("The relevant question in this case, for example, is the objective (albeit fact-specific) question whether a reasonable officer could have believed [the] warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed."); *Cf. Brown*

*v. Muhlenberg Twp.*, 269 F.3d 205, 211 (3d Cir. 2001) (a finding that the precise conduct at issue was previously held unlawful is unnecessary) (internal citations omitted).

Accordingly, summary judgment is **DENIED** as to the remaining defendants regarding DiNoia's claims arising from his arrest. *See Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009) (a genuine issue of material fact will preclude summary judgment on qualified immunity); *see also Montgomery v. De Simone*, 159 F.3d 120, 122 (3d Cir. 1998) (reversing the district court's grant of summary judgment in favor of police officer on Plaintiff's § 1983 claim and remanding to the district court because Plaintiff had raised a genuine issue of material fact as to probable cause).

## IV.    CONCLUSION

For the above reasons, Defendants' motion for summary judgment is **GRANTED in part and DENIED in part**.  Plaintiff's claims against Defendants Cumbo, Jacinto, and Witowski in their individual capacities relating to his May 2010 arrest remain pending.  An appropriate order follows.


                                    /s/ William J. Martini
                                **WILLIAM J. MARTINI, U.S.D.J.**


**Date: November 4, 2015**