UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN P. DINOIA,<br><br>      Plaintiff,<br><br>   v.<br><br>TROOPER TARA CUMBO, et al.,<br><br>      Defendants. | Civ. No. 2:12-03175 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    In May 2012, *pro se* Plaintiff John DiNoia brought this 42 U.S.C. § 1983 action against the New Jersey State Police Department and various New Jersey state troopers and police officers. Defendants moved for summary judgment. Plaintiff did not oppose the motion. This Court granted Defendants' motion in part and denied it in part. Plaintiff has now filed a letter, which the Court will liberally construe as a motion to "revise" this decision under Federal Rule of Civil Procedure 54(b). For the reasons set forth below, Plaintiff's as-construed motion is **DENIED.**

    **I.   BACKGROUND**[1]

    Plaintiff's Rule 54(b) motion is not a model of clarity. But he appears to argue that the Court erred by: (1) failing to provide him with enough time to oppose Defendants' summary judgment motion; and (2) improperly dismissing his malicious prosecution claim under § 1983 because he had raised this claim as a state common law claim. Plaintiff also seeks to "amend" his second amended complaint to add new facts and claims, and rehashes prior discovery disputes.

    **II.   LEGAL STANDARD**

---

[1] Because the Court writes solely for the benefit of the parties, it assumes familiarity with the underlying background. For a more complete recitation of the underlying facts, please refer to the Court's November 2015 opinion. *See DiNoia v. Cumbo*, No. 12-03175, 2015 WL 6739114 (D.N.J. Nov. 4, 2015).

1

Under Rule 54(b), "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a [final] judgment." A Court will amend a prior order only where a different outcome is justified by: (1) an intervening change in law; (2) the availability of new evidence not previously available; or (3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City,* No. 98–5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

### III.  DISCUSSION

As a preliminary matter, Local Rule 7.1(i)'s 14-day time limit to move for reconsideration of an order likely governs Plaintiff's Rule 54(b) motion. *See Swift v. Pandey*, No. 13-650, 2014 WL 3362370, at *2 (D.N.J. July 8, 2014). Plaintiff's motion was not filed until 42 days after the entry of the decision he challenges; accordingly, his motion could be denied on this basis alone. *Id.* For the sake of completeness, however, the Court will address the merits of Plaintiff's motion. Plaintiff has not shown that reconsideration of the Court's order is warranted.

<u>First</u>, Plaintiff failed to respond to Defendants' Statement of Material Facts, even though he was required to do so under the Local Rules. *See Glazewski v. Corzine*, 2009 WL 5220168, at *1 (D.N.J. Dec. 31, 2009) (finding that a party's *pro se* status does not absolve him of the requirement to file a response to an adversary's statement of material facts under Local Rule 56.1(a)). The Court provided Plaintiff with ample opportunity to meet this requirement: Defendants' motion for summary judgment was filed in February 2015. ECF doc. 88. Plaintiff sought, and was granted, two extensions of time to file his response, until April 20, 2015. ECF doc. 91. He was warned that no further extensions would be granted, but filed no additional papers in this Court, before the April 20, 2015 deadline or otherwise. *Id.* Nonetheless, the Court remained "mindful of the fact that Plaintiff is a *pro se* litigant," and that "district court judges often relax procedural rules, including Local Civil Rule 56.1(a), for an unrepresented litigant." *See DiNoia v. Cumbo*, No. 12-03175, 2015 WL 6739114 at * (D.N.J. Nov. 4, 2015) (citing and quoting *Shuman v. Sabol*, No. 09-2490, 2011 WL 4343780, at *6 (D.N.J. Sept. 14, 2011)). Accordingly, the Court drew relevant facts from both Plaintiff's complaint and Defendants' Statement of Undisputed Material Facts and supporting exhibits, so that Plaintiff would not be prejudiced for his failure to respond. *Id.* (citing *Jordan v. Allgroup Wheaton,* 218 F. Supp. 2d 643, 646 (D.N.J. 2002) *aff'd*, 95 Fed. App'x 462 (3d Cir. 2004). Thus, revision of the Court's order is not warranted on this ground. *See N. River Ins. Co.,* 52 F.3d at 1218.

Second, Plaintiff alleges that the Court erred by applying the law of § 1983 to his common law malicious prosecution claim.  This is a distinction without difference.  For purposes of determining elements of the common-law tort of malicious prosecution in civil rights action seeking damages for malicious prosecution, courts look to the law of the forum state.  *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993).  Under New Jersey law, Plaintiff is barred from recovering against Defendants on his malicious prosecution claim because he failed to file the claim with the Defendants within 90 days of the accrual of his claim as required by the New Jersey Tort Claims Act.  *See* N.J. Stat. Ann. § 59:8–8; *Velez v. City of Jersey City,* 180 N.J. 284, 293 (2004); *Wiltz v. Middlesex Cty. Office of Prosecutor*, 249 Fed. App'x 944, 949 (3d Cir. 2007).  Plaintiff, therefore, could not have prevailed against Defendants under either § 1983 or New Jersey common law.

Third, Plaintiff may not amend his complaint based on prior discovery disputes, nor may he rehash arguments made during the discovery stage.  *See e.g.*, ECF doc. 84 at 2.  ("This case was commenced more than two and a half years ago. There was a lengthy discovery period. The Court has been indulgent in granting multiple extensions. The [previous] Order warned that there would be 'no further extensions.' Discovery is closed.").  To the extent Plaintiff attempts to raise any new claims, the Court may not consider a new argument on reconsideration.  *See Denger v. Merret*, No. 2:08-CV-03454, 2011 WL 5825971, at *4 (D.N.J. Nov. 16, 2011) ("New arguments that could have been raised in [a party's] original motion are inappropriate grounds for reconsideration.").

## IV.    CONCLUSION

Plaintiff has failed to present any clear error of law or fact and has not shown that reconsideration is necessary to prevent manifest injustice.  Accordingly, Plaintiff's Rule 54(b) motion is **DENIED**.  An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 14, 2016**